IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CV-186-FL

| | |
|---|---|
| MARGARET REAVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| OCWEN LOAN SERVICING LLC; ) | ORDER |
| LITTON LOAN SERVICING; ) | |
| POPULAR FINANCIAL; and THE ) | |
| BANK OF NEW YORK MELLON, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the motion to dismiss of defendants Ocwen Loan Servicing, LLC; Litton Loan Servicing; and The Bank of New York Mellon, made pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (DE 6).[1] For the reasons that follow the court grants defendants' motion.[2]

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is

---

[1] Defendant Popular Financial does not join in the instant motion, and there is no evidence in the record that defendant Popular Financial has been served with process. Further reference to "defendants" herein refers only to those defendants now properly before the court.

[2] Plaintiff tardily responded in opposition to defendants' motion on June 7, 2016. Although defendants permissibly could reply, the court deems further argument unnecessary. Moreover, insofar as plaintiff now seeks to provide additional factual adornment for her complaint in brief, the court need not consider it. Plaintiff "cannot use her brief to amend her complaint." Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 542 (E.D.N.C. 2008).

plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

The facts alleged in the complaint do not "produce an inference of liability strong enough to nudge . . . plaintiff's claims across the line from conceivable to plausible." Id. at 256 (internal quotations omitted). Far from it. For example, plaintiff's complaint refers to defendants only "As Way of Background." (Compl., DE 1, 7; see also id., 7–8). The principal allegations are interposed against "Seterus" and "Argent," two corporations that are not parties to this suit. (Id., 4–6).

More to the point, even assuming the complaint properly asserted claims against defendants, as opposed to non-parties, that still would not be enough to survive the instant motion to dismiss. The complaint refers to defendants as one omnibus group, without any attempt to distinguish the acts of one particular defendant from another. "Courts have been quick to reject [complaints] in which multiple defendants are lumped together," Dealers Supply Co. v. Cheil Indus., Inc., 348 F. Supp. 2d 579, 590 (M.D.N.C. 2004) (internal quotations omitted), and with good reason; Rule 8 requires the complaint provide defendants with "fair notice" of the claims asserted against them. See Edwards

v. City of Goldsboro, 178 F.3d 231, 245 (4th Cir. 1999). Plaintiff's failure to state with specificity the acts allegedly performed by each defendant of which she now complains provides further support for granting defendants' motion.

In any case, not only does the complaint fail to distinguish between defendants, but it also fails to provide the necessary factual adornment. The complaint contains nothing more than a garbled assembly of bare-bones allegations, a grousing morass. To accept plaintiff's complaint as sufficient would require multiple unwarranted inferences. Its utter lack of facts and circumstances require its dismissal.

## CONCLUSION

Based on the foregoing, the court GRANTS defendants' motion to dismiss. (DE 6).

SO ORDERED, this the 10th day of June, 2016.

LOUISE W. FLANAGAN
United States District Judge