IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-CV-00186-FL

| MARGARET REAVES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OCWEN LOAN SERVICING LLC, | ) | |
| LITTON LOAN SERVICING, POPULAR | ) | |
| FINANCIAL, and THE BANK OF NEW | ) | |
| YORK MELLON; | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own initiative, where it appears that none of the named defendants in this action have been served a copy of the amended complaint within the required time.

Plaintiff initiated this action on April 20, 2016, against defendants Litton Loan Servicing ("Litton"), Ocwen Loan Servicing LLC ("Ocwen"), the Bank of New York Mellon ("Bank of New York"), and Popular Financial. (DE 1). On June 10, 2016, court dismissed the action against defendants Litton, Ocwen and Bank of New York for failure to state a claim upon which relief could be granted. Shortly thereafter, the court dismissed the action against defendant Popular Financial for failure to serve.

On September 1, 2016, plaintiff filed notice of appeal to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit ultimately dismissed plaintiff's appeal for lack of jurisdiction and remanded the case to this court with instructions to allow plaintiff to file amended

complaint. Pursuant to the Fourth Circuit's directive, on July 11, 2017, the court entered an order directing plaintiff to file within 21 days any amended complaint. The order noticed plaintiff that failure to effect service within this time period would result in dismissal of the action with prejudice. (See DE 35).

On February 16, 2018, the court entered an order extending plaintiff's time to file amended complaint up to and through May 17, 2018. (DE 37). Plaintiff filed response to the court's order extending time for service on May 16, 2018. Plaintiff's response is comprised of a document titled "Certificate of Service," and what appears to be an unsigned delivery receipt. (See DE 38, p. 2).[1]

Under Rule 4 of the Federal Rule of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Pursuant to Rule 4(*l*), "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*). Under Rule 4(m), if plaintiff fails to effect service within the required time, the court, on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice. Id. However, if plaintiff shows good cause for her failure to effect service, the court must extend the time for service for an appropriate period. Id.

Although the "Certificate of Service," and accompanying unsigned delivery receipt tend to suggest that plaintiff attempted to effect service of process, the documents are insufficient to establish that service was made in accordance with Rule 4. In particular, the documents give no indication of what was sent, to whom it was sent, whether it was in fact delivered to the intended recipient, or signed for.

---

[1] Plaintiff also attached several exhibits to her response. These exhibits include various handwritten notes and objections, agreements and disclosure statements, copies of cashier checks, and documents and correspondence related to the underlying state court foreclosure proceeding. None of these exhibits provides information relevant to determining whether plaintiff effected service properly.

Where the court previously noticed plaintiff that failure to serve would result in dismissal of this action with prejudice, and plaintiff failed to effect service properly on each of the named defendants within the required time, the court DISMISSES this action with prejudice. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of July, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge